UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA ANDREWS,<br><br>               Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No.: 3:19-cv-01873-BEN-MDD<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

Before this Court is a Motion to Proceed *In Forma Pauperis* ("IFP"), filed by Plaintiff Andrea Andrews. (Docket No. 2.) Plaintiff filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying her application for disability benefits. (Docket No. 1.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

1

A party "need not be absolutely destitute to obtain benefits of the *in forma pauperis* statute." *Jefferson v. United States*, 277 F.3d 723, 725 (9th Cir. 1960). "But 'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.'" *Anderson v. California*, No. 3:10-cv-2216 MMA (AJB), 2010 WL 5056019, at *1 (S.D. Cal. Dec. 6, 2010) (internal citation omitted). Thus, a court may deny IFP status to an applicant who can pay the filing fee with acceptable sacrifice to other expenses. *Greene v. Rodriguez*, No. 3:07-cv-1888 W (BLM), 2008 WL 816797 (S.D. Cal. Mar. 24, 2008).

Here, Plaintiff claims she is and has remained unemployed for the past twelve months. (Doc. No. 2 at ¶¶ 2-3.) As a result, she has not received any wages or take-home pay during that time. *Id.* Furthermore, Plaintiff claims not to possess any assets aside from a bank account containing $250.00. *Id.* at 2 ¶ 4. Plaintiff's affidavit reflects she has monthly expenses of approximately $5,740.00. *Id.* ¶ 6. This includes $2,100 for *rent*, $990 for *automobile payments*, $1,000 for *credit card bills*, $600 for *food*, $250 for *utilities*, and $800 for *medications and miscellaneous expenses*. *Id.*

The Court has examined the Plaintiff's affidavit and determined that she has not provided sufficient information to establish an entitlement to IFP status. Plaintiff's affidavit does not indicate if she owns community property with her husband. Considering the aforementioned, the Court is unable to determine if Plaintiff is entitled to IFP status.

Therefore, the Motion to Proceed IFP is **DENIED**, and the action is **DISMISSED without prejudice** due to Plaintiff's failure to satisfy the filing requirement. To have this case reopened, Plaintiff must, **no later than December 6, 2019,** pay the filing fee or file a new motion to proceed IFP. If Plaintiff decides to file a new motion to proceed IFP, she should take care to fully and accurately inform the Court of her financial status. If Petitioner does not pay the filing fee or submit a new motion, this action shall remain closed without further Order of the Court. *For Plaintiff's convenience, the Clerk of Court*

*shall attach to this Order a blank in forma pauperis application.*

**IT IS SO ORDERED.**

Dated: November 8, 2019

HON. ROGER T. BENITEZ
United States District Judge