

FILED
NOV 1 2 2020
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA A.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 3:19-cv-01873-BEN-MDD<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(3) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF Nos. 14, 15, and 18]** |

On September 27, 2019, Plaintiff Andrea A. ("Plaintiff")[1] filed this action for judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits. ECF No. 1.

---

[1] In accordance with S.D. Cal. Civ. R. 7.1(e)(6)(b), which provides that "[o]pinions by the court in these [Social Security cases] will refer to any non-government parties by

-1-

On March 3, 2020, Plaintiff filed a motion for summary judgment pursuant to 42 U.S.C. section 405(g). ECF No. 14. On April 2, 2020, Defendant Andrew Saul, Commissioner of Social Security ("Defendant") filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. ECF No. 15, 16. On April 9, 2020, Plaintiff filed a reply to Defendant's Opposition to her motion for summary judgment. ECF No. 17.

On August 25, 2020, Magistrate Judge Mitchell D. Dembin issued a thoughtful and thorough Report and Recommendation, recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment. Magistrate Judge Dembin found the Administrative Law Judge ("ALJ") provided specific, clear, and convincing reasons to reject Plaintiff's subjective allegations of impairment and the record supports the ALJ's findings. Specifically, after his careful review of the objective medical evidence, he concluded that, contrary to Plaintiff's arguments advanced in support of Motion for Summary Judgment, (1) the objective medical evidence supported the ALJ's finding that Plaintiff's mental impairments were non-severe; (2) the ALJ did not err in giving the opinion of Mark Dilger, M.D., a non-examining physician, less weight, because his opinion was not supported by the overall record, which included an additional two years of records and showed only mild mental limitations; (3) in light of the inconsistencies between Dr. Reddy's less than sedentary exertional capacity outlined in Dr. Reddy's opinion, and Plaintiff's more benign treatment history, the ALJ's decision to give Dr. Reddy "less weight" was based on specific and legitimate reasons supported by substantial evidence; and (4) the ALJ fulfilled his duty to develop the record when he (a) sent Plaintiff a pre-hearing notice instructing her to submit all evidence known to her that related to her disability claim, (b) advised her of her right to request a subpoena for additional records, and (c) acceded to Plaintiff's counsel's request to hold the record open

---

using only their first name and last initial," the Court has redacted Plaintiff's last name and requests that the parties do so as well in any future filings.

following the administrative hearing to allow Plaintiff to submit additional medical records. Accordingly, Magistrate Judge Dembin concluded the ALJ findings were based on objective medical evidence, the conservative nature of Plaintiff's treatments, and medical opinions from treating, consulting, and examining physicians. These factors generally did not support Plaintiff's subjective claims of disability. Objections to the Report and Recommendation were due by September 8, 2020. Neither party has filed any objections.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine *de novo* any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

The Court need not conduct *de novo* review given the absence of objections. The Court has considered and agrees with the Report and Recommendation. Accordingly, the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's cross-motion for summary judgment is **GRANTED**. Accordingly, the Commissioner of the Social Security Administration's final decision is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate the case.

**IT IS SO ORDERED.**

DATED: November __, 2020

HON. ROGER T. BENITEZ
United States District Judge

-3-